UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| ROBERT GIAMMARCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:17-CV-472-DJH |
| | ) | |
| CHECKREDI OF KENTUCKY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT GIAMMARCO (Plaintiff), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, CHECKREDI OF KENTUCKY, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq.  ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k

4. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Lincoln, Rhode Island.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Lexington, Fayette County, Kentucky.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff originating with a Cumberland Farms payment.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around March, 2017, Defendant began placing calls to Plaintiff on Plaintiff's cellular

telephone number at 401-428-xxxx.

19. Defendant calls Plaintiff from 859-254-2019, which is one of Defendant's telephone numbers.

20. On March 30, 2017, Plaintiff placed an inbound call to Defendant and requested Defendant stop calling him on his cellular telephone.

21. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular telephone.

22. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

23. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

24. Plaintiff never gave permission for Defendant to call Plaintiff's cellular telephone.

25. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

26. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

27. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers without human intervention.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

35. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

36. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling him; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant

continued to call Plaintiff after Plaintiff requested Defendant stop calling him.

WHEREFORE, Plaintiff, ROBERT GIAMMARCO, respectfully requests judgment be entered against Defendant, CHECKREDI OF KENTUCKY, for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ROBERT GIAMMARCO, respectfully requests judgment be entered against Defendant, CHECKREDI OF KENTUCKY, for the following:

43. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

44. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for

each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

45. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

46. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 3, 2017                By: /s/ Shireen Hormozdi
                                                   Shireen Hormozdi
                                                   Hormozdi Law Firm, LLC
                                                   1770 Indian Trail Lilburn Road, Suite 175
                                                   Norcross, GA 30093
                                                   Tel: 678-395-7795
                                                   Fax: 866-929-2434
                                                   shireen@agrusslawfirm.com
                                                   shireen@norcrosslawfirm.com
                                                   Attorney for Plaintiff